**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**GARD CORPORATION, Defendant and Third Party Plaintiff,**

v.

**TALL SERVICES, INC., d/b/a Uniforce Temporary Services, Third Party Defendant.**

**Civ. A. No. 92–2023–L.**

United States District Court, D. Kansas.

July 29, 1992.

Nora M. Foster, Office of U.S. Atty., Kansas City, Kan., Gretchen D. Huston, Thomas J. Borek, Barbara A. Seely, S. Robert Royal, E.E.O.C., St. Louis Dist. Office, St. Louis, Mo., for E.E.O.C.

Mark G. Flaherty, Husch & Eppenberger, Kansas City, Mo., for Gard Corp.

Luis Mata, Richard A. Carnahan, Evans & Mullinix, P.A., Kansas City, Kan., Barbara A. Harmon, David J. Waxse, Shook, Hardy & Bacon, Overland Park, Kan., for Tall Services, Inc.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

The Equal Employment Opportunity Commission (EEOC) filed this employment discrimination action against Gard Corporation (Gard) on behalf of Wilhelmine Bailey and a class of other African–Americans who allegedly were denied permanent employment by Gard because of their race. Gard allegedly discriminated against these individuals, who were temporary employees provided to Gard by an employment agency, by not offering them permanent employment opportunities on the same basis that it did for white temporary employees.

Gard filed a third party complaint against the employment agency, Tall Services, Inc., d/b/a Uniforce Temporary Services (Uniforce), demanding judgment from Uniforce if Gard is found liable for discrimination. Uniforce has filed a motion to dismiss the third party complaint pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. # 51), which is now pending before the court. For the reasons set forth below, the motion is granted and Uniforce is dismissed from this action.

A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff (in this case the third party plaintiff) can prove no set of facts in support of the theory of recovery that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson*, 750 F.2d at 813. The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether it is entitled to offer evidence to support its claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

▮ Rule 14(a) of the Federal Rules of Civil Procedure governs the joinder of third parties by a defendant.[1] This rule was

---

1. Rule 14(a) allows a defendant to implead "a person not a party to the action who is or may be liable to the third-party plaintiff for all or

amended in 1946 so that a defendant may no longer implead a third party on the grounds that the third party is or may be liable to the plaintiff. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 368 n. 3, 98 S.Ct. 2396, 2400 n. 3, 57 L.Ed.2d 274 (1978) ("Under Rule 14(a), a third-party defendant may not be impleaded merely because he may be liable to the plaintiff."). Essential to such a cause of action is the existence of a claim by the defendant against the third party defendant for any liability that the defendant may owe to the principal plaintiff. The third party claim must be derivative of the plaintiff's claim, for "[d]erivative liability is central to the operation of Rule 14." *Watergate Landmark Condominium Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.,* 117 F.R.D. 576, 578 (E.D.Va.1987).

 Gard's claim against Uniforce is essentially one for contribution or indemnity. Thus, for this claim to survive, Gard must be able to establish as a matter of law that there is an implied or express right of contribution or indemnity in Title VII actions.[2] However, this issue was conclusively determined against Gard by the United States Supreme Court in *Northwest Airlines, Inc. v. Transport Workers Union of America,* 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981), which held that there is no statutory or common law right to contribution in Title VII cases. In *Northwest,* the Court assumed the existence of what Gard argues is present here, that is, a cognizable claim by the principal plaintiff against the third party defendant.[3] Yet, the Court still found that there was an insufficient basis for recognizing a right of contribution by the defendant employer against the third party defendant. *Id.* at 90, 101 S.Ct. at 1580. Neither the federal common law nor the statutory language of

Title VII created such a right. *Id.* at 94–95, 98, 101 S.Ct. at 1582–83, 1584.

The *Northwest* rationale has been extended to actions for indemnity as well as contribution. *See Anderson v. Local Union No. 3, Int'l Brotherhood of Electrical Workers,* 751 F.2d 546, 548 (2d Cir.1984). It also has been applied to third party actions against parties other than unions. *See Germann v. Pekow,* 531 F.Supp. 355 (N.D.Ill.1981) (third party complaint by employer against insurer that provided allegedly discriminatory group life insurance plan to employees was dismissed, following *Northwest*). This court finds the Supreme Court's decision in *Northwest* controlling in this case as well. Gard has no right of contribution or indemnification from Uniforce arising out of the EEOC's Title VII suit against Gard. The third party complaint against Uniforce must therefore be dismissed.

It is therefore ordered by the court that the third party defendant's motion to dismiss (Doc. # 51) is granted. Uniforce is dismissed with prejudice as to Gard's third party claim of contribution or indemnification under Title VII.

IT IS SO ORDERED.

---

part of the plaintiff's claim against the third-party plaintiff."

**2.** The parties agree that there is no contractual right to contribution or indemnification between Gard and Uniforce.

**3.** Gard argues that its third party complaint should *not* be dismissed because Uniforce and Gard may both be held liable for discrimination as "joint employers" of the complaining parties.

This argument misses the mark. As noted above, the existence of a cause of action by the plaintiff against the third party defendant is not at issue. Even if the EEOC could maintain an action against Uniforce, whether to do so is a decision that cannot be made by Gard on behalf of the EEOC under the auspices of Rule 14(a). *See Owen Equipment,* 437 U.S. at 368, 98 S.Ct. at 2400.