**Lynn MARTIN, Secretary of Labor, United States Department of Labor, Plaintiff–Appellant,**

v.

**GINGERBREAD HOUSE, INC.; Patricia Jo Stone; James Z. Stone, Defendants–Appellees.**

No. 91–1157.

United States Court of Appeals, Tenth Circuit.

Oct. 21, 1992.

Lauriston H. Long, Atty. (David S. Fortney, Deputy Sol. of Labor, Monica Gallagher, Associate Sol., and William J. Stone, Counsel for Appellate Litigation, with her on the briefs), U.S. Dept. of Labor, Washington, D.C., for plaintiff-appellant.

Patricia Jo Stone (Richard LiPuma with her on the brief), Stone & Associates, Lakewood, Colo., for defendants-appellees.

Before SEYMOUR and BARRETT, Circuit Judges, and HUNTER, District Judge.*

SEYMOUR, Circuit Judge.

The Secretary of Labor brought this suit against Gingerbread House, Inc., Patricia Jo Stone, and James Z. Stone under 29 U.S.C. § 215(a)(3) (1988) (Fair Labor Standards Act) alleging two instances of unlawful retaliation against employees of Gingerbread House. The Secretary contends that defendants unlawfully filed a third party complaint seeking indemnity from four employees, and that defendants discharged one of the employees in retaliation for the cooperation she gave to the Department of Labor (DOL). The district court found neither action to be unlawful retaliation. The Department of Labor appeals, and we affirm.

## I.

Over ten years of litigation, the facts and issues surrounding this suit have been set forth previously. *See Brock v. Gingerbread House, Inc.*, 907 F.2d 115 (10th Cir. 1989); *Donovan v. Gingerbread House, Inc.*, 536 F.Supp. 627 (D.Colo.1982). We repeat only the background necessary to a consideration of the issues raised in this appeal. Defendants operated two day-care and child development centers, both of which are now defunct. Third party defendants Beth Nelson and Vicki Blatchley acted as assistant directors at one of the centers. Vinnie Tomlin and Barbara Beckwith, also third party defendants, functioned as staff.[1] In October 1980, acting on a complaint, the Wage and Hour division of the DOL audited defendants and found several overtime violations. In December 1980, defendants terminated Beth Nelson. In 1981, the Secretary brought an action on behalf of the four employees to enjoin de-

fendants from violating sections of the Fair Labor Standards Act (FLSA), including the record-keeping, overtime and anti-retaliation provisions. Defendants then filed a third party complaint for indemnity against the four employees named in the Secretary's complaint.[2] The Secretary amended her complaint, alleging that the filing of the third party complaint constituted unlawful retaliation.

The district court dismissed the third party complaint on the ground that the indemnity action was preempted by the Supremacy Clause. After a bench trial, the court enjoined defendants from future record-keeping violations and ordered a payment of $62.00 in back wages. The court also held, however, that neither the discharge of Ms. Nelson nor the filing of the third party complaint constituted acts of retaliation.

The Secretary contends on appeal that the third party complaint was baseless, and therefore an act of retaliation because section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3) (1988), bars any action against an employee based on his or her cooperation with the DOL. Further, the Secretary argues that the district court's findings concerning the discharge of Ms. Nelson are clearly erroneous and should be reversed. In defendants' view, the district court's findings are supported by the record, and the third party complaint was not baseless because it was filed before any court had held such suits to be preempted.

## II.

### *Third Party Complaint*

■ Whether the filing of a third party complaint seeking indemnification is unlawful retaliation under the FLSA is a question of first impression in this circuit. However, we have the benefit of a Supreme Court case in the analogous area of the National Labor Relations Act to guide

---

* Honorable Elmo B. Hunter, Senior United States District Judge, United States District Court for the Western District of Missouri, sitting by designation.

1. None of the third party defendants are parties to this appeal.

2. Defendants alleged that Ms. Nelson and Ms. Blatchley, as assistant directors, owed the day care center a fiduciary duty. Defendants asserted that this duty had been violated when Ms. Nelson and Ms. Blatchley worked in excess of forty hours per week and permitted others to do so as well. Defendants also alleged malicious prosecution.

our decision.[3] In *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983), the Court held that the filing of a baseless lawsuit by an employer with the intent to retaliate is an unfair labor practice. In that case, a waitress was fired after picketing and leafletting her employer's store. She filed an unfair labor practice action against the employer. The employer filed suit against her in state court for damages and injunctive relief, alleging that she had harassed customers, blocked access to the restaurant, and libeled the employer. After an administrative hearing, the NLRB issued a cease and desist order to halt the employer's action.

The Court created a two step inquiry to determine if the Board is allowed to issue such an order. The Court noted that the right of access to the courts "is an aspect of the First Amendment right to petition ... for redress of grievances." *Id.* at 741, 103 S.Ct. at 2169. Therefore, a meritorious suit may not be enjoined, regardless of the intent behind the filing. *Id.* at 743, 103 S.Ct. at 2170. Baseless suits, however, do not fall within the ambit of the First Amendment and are not entitled to protection. The Court recognized the power of a lawsuit to chill the exercise of rights.

> A lawsuit no doubt may be used by an employer as a powerful instrument of coercion or retaliation ... [A]n employer can place its employees on notice that anyone who engages in such conduct is subjecting himself to the possibility of a burdensome lawsuit.

*Id.* at 740, 103 S.Ct. at 2168. Stripped of First Amendment protection and combined with the coercive nature of litigation, a suit is enjoinable as unlawful if it is both baseless *and* was filed with a retaliatory motive. *Id.* at 748–49, 103 S.Ct. at 2172–73 (emphasis added). A suit is baseless if "controlling federal law bars the plaintiff's right to relief, ... clear state law makes the case frivolous, or ... no reasonable jury could [find] in favor of the plaintiff."

*Id.* at 754–55, 103 S.Ct. at 2176 (Brennan, J., concurring).

We now apply the first part of the *Bill Johnson's* test to the present case. The Secretary argues that third party complaints for indemnity in FLSA cases are baseless because they are preempted by the Supremacy Clause. Both the Fifth and Fourth Circuits have reached this conclusion. In *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260 (5th Cir.1986), the Fifth Circuit held that state indemnity actions against supervisory personnel by employers who have been sued for FLSA violations are preempted by the Supremacy Clause. "To engraft an indemnity action upon this otherwise comprehensive federal statute would run afoul of the Supremacy Clause of the Constitution." *Id.* at 1264. The court found no express provision in the FLSA creating a cause of action for indemnity, nor any implicit cause of action. The court examined the purposes of the FLSA and concluded that the intent to provide minimum standards in the work place would not be served by allowing a state cause of action for indemnity. "[A]n employer who believed that any violation of the ... provisions could be recovered from its employees would have a diminished incentive to comply with the statute...." *Id.* The court thus found a conflict with federal law and held indemnity claims to be preempted.

In *Lyle v. Food Lion, Inc.*, 954 F.2d 984 (4th Cir.1992), the Fourth Circuit expressly followed *LeCompte*. The employer had brought suit against two employees for breach of contract and fiduciary duty because they had worked off-the-clock. "In effect, [the employer] sought to indemnify itself ... for its own violation of FLSA, which ... is something the FLSA simply will not allow." *Id.* at 987.

We agree with the Fourth and Fifth Circuits. Indemnity actions against employees work against the purposes of the

---

**3.** "Decisions that define the coverage of the employer-employee relationship under the [National Labor Relations Act] are persuasive in the consideration of a similar coverage under the [FLSA]." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 723, 67 S.Ct. 1473, 1474, 91 L.Ed. 1772 (1947).

FLSA. "Congress sought to foster a climate in which compliance with the substantive provisions of [the FLSA] would be enhanced." *Mitchell v. Robert De Mario Jewelry, Inc.*, 361 U.S. 288, 292, 80 S.Ct. 332, 335, 4 L.Ed.2d 323 (1960). Compliance with the FLSA will not be furthered if employees must defend against indemnity actions. Such actions are not part of the comprehensive statutory scheme set forth by Congress. The conflict between the purposes of federal law and a state cause of action require the latter to yield. We therefore hold that a third party complaint by an employer seeking indemnity from an employee is preempted.

■ This holding, however, does not require a finding that the suit before us was baseless. In 1981, when the third party complaint was filed, no circuit court had yet ruled on the preemption issue. We cannot say, therefore, that the claim had no reasonable basis in law at the time it was filed. In addition, the record supports the district court's finding that the claim for indemnity was not baseless as a matter of fact. The court found that Nelson's "time records after she became director of the school were either so negligently, carelessly and recklessly kept as to be totally unreliable or were, frankly, falsified and padded." Appellant's Appendix at 26. The court found similar problems with Blatchley's records such as "[h]er general habit of including on time sheets a claim for reimbursement for expenses ... disguised by claim for hours worked." *Id.* at 27.

We hold that the filing of the third party complaint for indemnity was not baseless as a matter of fact or law. Since the action does not meet the first part of the *Bill Johnson's* test, we need not address whether the motive for filing it was retaliation. We affirm the district court's conclusion that the filing of the third party complaint was not unlawful retaliation under the FLSA.

## III.

### *Retaliatory Discharge*

■ The Secretary urges us to reverse the district court's factual finding that Nelson's discharge was not unlawful. "When the 'immediate cause or motivating factor of a discharge is the employee's assertion of statutory rights, the discharge is discriminatory under § 215(a)(3) whether or not other grounds for discharge exist.'" *Love v. RE/MAX of America, Inc.*, 738 F.2d 383, 387 (10th Cir.1984) (quoting *Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179, 181 (8th Cir.1975)). If retaliation is not the motivating factor, then the discharge is not unlawful.[4] Findings of intentional discrimination are reviewed under the clearly erroneous standard. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Deference must be given to the trial judge's opportunity to observe the demeanor and credibility of the witnesses. *Id.* at 575, 105 S.Ct. at 1512. We only reverse if we are left with the definite and firm impression that a mistake has been made. *Id.* at 573, 105 S.Ct. at 1511. Applying this standard, we are not persuaded that the district court erred.

Defendant James Stone discussed with Nelson the reasons for her discharge. Among other statements, he told her that "people who are loyal don't call the labor department." Appellant's Appendix at 30. The district court included this statement in its findings of fact but held the statement "did not constitute the reason for the employment termination." *Id.* The court cited a host of legitimate factors as the "true reasons" for Nelson's termination: "failure to follow directions, mismanagement and ... the inappropriate use of students to care for a small child." *Id.* at 31.

The Secretary contends the district court erred as a matter of law by "disregarding its own findings as to the employer's admitted illegal motive." Appellant's Brief at 40. We disagree. In holding that Stone's statement was not one of the "true" reasons, the court implicitly held that the

---

4. Appellee argues the correct standard is a "but for" test: the discharge is unlawful only if it would not have occurred *but for* the retaliatory intent. We believe the "but for" and "motivating factor" tests are equivalent.

statement was not a motivating reason.[5] The district court had ample support from the record to find that legitimate business reasons, not retaliatory intent, motivated the discharge of Nelson.

The judgment of the district court is AFFIRMED.

---

**5.** The Secretary contends that the district court failed to apply the *Love v. RE/MAX* "motivating factor" test in reaching its conclusion that the discharge was not unlawful. Our review of the record indicates that the Secretary did not argue this alleged error of law below. In any event, we think a fair reading of the district court's findings establishes that the court was aware of the proper legal test.