**Mary Ann GILMORE, et al., Plaintiffs,**

v.

**LIST & CLARK CONSTRUCTION CO., et al., Defendants.**

No. 94–2103–JWL.

United States District Court,
D. Kansas.

Oct. 13, 1994.

See also 862 F.Supp. 294.

Sue Phillips, Elizabeth A. Phillips, Phillips & Phillips, Kansas City, MO, for Mary Ann Gilmore, Barbara J. Strange.

John A. Vering, III, Renana B. Abrams, Jennifer P. Kyner, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, for Holliday Sand & Gravel, List and Clark Const. Co., Central Plains Contracting Co.

Mark A. Ferguson, Lathrop & Norquist, Overland Park, KS, Ann Mesle, Lathrop & Norquist, Kansas City, MO, for Ray Ulsh.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Court.

In this employment discrimination action, plaintiffs, Mary Ann Gilmore and Barbara J. Strange, allege that their employers, Holliday Sand & Gravel Company ("Holliday Sand"), List and Clark Construction Company, and Central Plains Contracting Company, have unlawfully discriminated against them in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et seq.* Pursuant to Federal Rule of Civil Procedure 14(a), defendant Holliday Sand filed a third-party complaint against Ray Ulsh, a former Vice-President of Holliday Sand who was not a named defendant in plaintiffs' complaint, seeking indemnity and contribution for any liability of Holliday Sand under Title VII. This matter is currently before the court on the motion of third-party defendant Ulsh to dismiss and strike Holliday Sand's first amended third-party complaint for failure to state a claim (Doc. # 25).[1] For the reasons set forth fully below, Mr. Ulsh's motion is granted.

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir. 1991). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colorado,* 988 F.2d 97, 98 (10th Cir.1993). The court finds that Holliday Sand is not entitled to offer evidence to support the claims in its third-party complaint against Mr. Ulsh. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In essence, Holliday Sand's three-count complaint seeks indemnity and contribution from Mr. Ulsh, its employee, for alleged violations of Title VII. The court does not believe Holliday Sand is permitted to seek such relief under existing law.

In Count I of its amended third-party complaint, Holliday Sand seeks "indemnification and contribution under Kansas common law" from Mr. Ulsh. Holliday Sand contends that because plaintiffs' allegations of sex discrimination and a sexually abusive work environment stem from the actions of its former Vice President, Mr. Ulsh, Mr. Ulsh is obligated to Holliday Sand, either in part or in full, for any liability adjudicated against it in favor of plaintiffs.

Holliday Sand does not dispute, nor could it, that the United States Supreme Court has clearly and definitively held in *Northwest Airlines, Inc. v. Transport Workers Union of America,* 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981), that there is no right of indemnity or contribution either express or implied in Title VII, nor is there any federal common-law right to such relief. Instead, Holliday Sand argues that the court should look to state law, which it contends supplies such a right, and attempts to convince the court that the United States Supreme Court in *Northwest Airlines* did not reach, nor rule on, the issue of whether state law may appropriately provide a right of indemnity or contribution in Title VII actions.

---

1. Mr. Ulsh first moved to dismiss and to strike on July 19, 1994 (Doc. # 15). On July 29, 1994, Holliday Sand amended its third-party complaint, which triggered Mr. Ulsh to renew his motion to dismiss. Thus, the motion to dismiss the original third-party complaint is moot (Doc. # 15), and this order properly addresses Holliday Sand's first amended third-party complaint (Doc. # 19). All papers from the original motion have been incorporated in the renewed motion and have been considered by the court.

■ While it is not clear from a reading of *Northwest Airlines* that defendants· in Title VII actions are forever, and under all circumstances, barred from seeking indemnity and contribution, the court believes that Holliday Sand's interpretation of the case is too narrow. A fair reading of *Northwest Airlines*, and subsequent case law interpreting it, suggests that it is inappropriate to look to state law to provide a right of indemnity and contribution under Title VII where no such right exists in the federal statutory scheme.[2] It would be improper to allow Holliday Sand to seek indemnity and/or contribution from its former employee under state law as is sought here.

In *Northwest Airlines* the United States Supreme Court stated that a cause of action for contribution in a Title VII action "may have been created in either of two ways": (1) either expressly or impliedly by statute when Congress enacted Title VII; or (2) through the exercise of judicial power in creating federal common law. *Northwest Airlines*, 451 U.S. at 90, 101 S.Ct. at 1580. The Court flatly rejected both theories. Other courts have since interpreted this language to mean that the *only* two ways to find a right of contribution is either in Title VII itself or under federal common law, thus precluding the notion that state law may provide such a right. *See, e.g., American Fed'n of State, County and Mun. Employees v. City of New York*, 599 F.Supp. 916, 919 (S.D.N.Y.1984) (employer's right to contribution could only arise under two theories, either as an implied right of action under the statute or under federal common law); *Anderson v. Local Union No. 3, I.B.E.W.*, 582 F.Supp. 627, 630 (S.D.N.Y.1984) (same), *aff'd*, 751 F.2d 546 (2d Cir.1984).

■ The Supreme Court's reasoning and its consideration of only these two theories lead this court to the conclusion that the holding of *Northwest Airlines* is sufficiently broad to bar Holliday Sand from seeking indemnity and contribution under state law.[3] The Supreme Court made clear that where Congress has enacted a comprehensive legislative scheme that includes an integrated system of procedures, as with Title VII, courts should not "fashion new remedies that might upset carefully considered legislative programs" and that it would be "improper for us to add a right to contribution to the statutory rights that Congress created." *Northwest Airlines*, 451 U.S. at 97, 101 S.Ct. at 1580. Where the liability of a defendant is entirely a creature of federal statute, and that statutory scheme is complete, the court may not provide a new remedy Congress decided not to adopt.[4] *Id.* Holliday Sand asks this court to do what the Supreme Court has flatly proscribed, create a contribution remedy for a statutory violation when Congress has not manifested an intent that such a right exist.[5]

2. *Northwest Airlines* did not address whether a right of indemnification, as opposed to contribution, may be implied under Title VII. It is well settled, however, that the Supreme Court's decision is equally applicable to claims for indemnification. *See, e.g., Anderson v. Local 3, I.B.E.W.*, 751 F.2d 546, 548 (2d Cir.1984).

3. Other courts have treated *Northwest Airlines* as a blanket prohibition against indemnity and contribution without specifically addressing the possibility that state law might figure into the equation. *See Gray v. City of Kansas City, KS*, 603 F.Supp. 872, 873 (D.Kan.1985) (contribution barred in Title VII action under holding of *Northwest Airlines*, but state law arguably relevant to section 1981 and section 1983 actions because of section 1988 provision); *Forsberg v. Pacific Northwest Bell Tel.*, 622 F.Supp. 1147, 1149–50 (D.Or.1985) (where plaintiff did not name union in action, employer totally barred from joining the union in order to share any potential liability), *aff'd*, 840 F.2d 1409 (9th Cir.1988); *see also E.E.O.C. v. Gard Corp.*, 795 F.Supp. 1070 (D.Kan.

1992). The court's reasoning in this order is consistent with these and other decisions which find that *Northwest Airlines* stands for the proposition that there is no right of indemnity or contribution under Title VII.

4. "The statutes make express provision for private enforcement in certain carefully defined circumstances, and provide for enforcement at the instance of the Federal government in other circumstances. The comprehensive character of the remedial scheme expressly fashioned by Congress strongly evidences an intent not to authorize additional remedies." *Northwest Airlines*, 451 U.S. at 93–94, 101 S.Ct. at 1581–82 (citations omitted).

5. See *Sears v. Atchison, Topeka & Santa Fe Ry., Co.*, in which the Tenth Circuit denied a union's request to apportion fault between it and the defendant employer in a Title VII action, finding that the Supreme Court, in *Northwest Airlines*, "was unwilling to create a contribution remedy for a statutory violation when Congress had not

Holliday Sand argues that the Supreme Court left open the possibility that state law might apply and points to footnote 38 of the Court's opinion as support for this proposition. The court believes the note supports, if anything, the exact opposite proposition, that state law is simply not relevant where the underlying liability of the defendant seeking contribution has its source in federal statutory law, namely Title VII.[6] The Supreme Court stated that "federal courts ... have recognized a right to contribution under state law in cases in which state law supplied the appropriate rule of decision" and cited two cases involving contribution where plaintiffs had brought state-law claims of negligence. *Id.* at 97 n. 38, 101 S.Ct. at 1580 n. 38. The Court further noted that "[t]hese cases are inapposite here." *Id.* Thus, it seems that state law creating a right of indemnity or contribution is inapplicable where the defendant's liability, for which indemnity or contribution is sought, arises solely from Title VII.[7]

■ Even if not specifically proscribed by *Northwest Airlines,* it would be inconsistent to permit Holliday Sand to seek indemnity or contribution from its employee in light of the fact that the plaintiffs could not hold Mr. Ulsh personally liable or seek to hold him liable in his individual capacity under Title VII. The Tenth Circuit has held that: "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."

*Sims v. KCA, Inc.,* 28 F.3d 113, 1994 WL 266744, at *6 (10th Cir. June 17, 1994) (citing *Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir.1993) (quoting *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991)). Thus, suits against persons in their individual capacity are inappropriate under Title VII. *Id.* The court may not permit Holliday Sand to shift its liability to its own employee when the law is clear in this circuit that the relief available under Title VII is against the employer, not the individual employee whose actions constitute a violation.

Title VII is designed as a comprehensive solution for the problem of invidious discrimination in employment. *Johnson v. Railway Exp. Agency, Inc.,* 421 U.S. 454, 457–58, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1975). The statutory scheme contemplates liability for the employer, who can discipline the employee, as opposed to liability for the individual employee, as a means of wiping out such discrimination. *See Grant v. Lone Star Co.,* 21 F.3d 649, 653 (5th Cir.1994); *Miller v. Maxwell's Intern. Inc.,* 991 F.2d 583, 588 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *in accord Sauers,* 1 F.3d at 1125. While there may be policy reasons in favor of allowing an employer to seek indemnity or contribution from an employee whose actions have caused the employer to be liable under Title VII, "[i]t is not our place simply to alter the balance struck by Congress...." *Northwest Airlines,* 451 U.S. at 98, 101 S.Ct. at 1584.[8]

---

manifested an intent that a right of contribution should exist." 749 F.2d 1451, 1444 (10th Cir. 1984), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2322, 85 L.Ed.2d 840 (1985).

6. Plaintiffs bring two claims against Holliday Sand, one pursuant to Title VII and a negligent hiring claim under state law. The court reads Holliday Sand's first amended third-party complaint to seek indemnity or contribution in connection with the Title VII claim. It would make no sense for Holliday Sand to argue that Mr. Ulsh is somehow liable to it for his own hiring.

7. Courts have similarly found that whether indemnity and contribution are available in connection with a federal statutory scheme is a question governed solely by federal law. *See In re Olympia Brewing Co. Sec. Litig.,* 674 F.Supp. 597, 607 (N.D.Ill.1987) (where indemnity and contribution are sought for a violation of a feder-

al statute, court must treat the issue of the scope and limitations of indemnity and contribution as a question of federal law) (citing *Donovan v. Robbins,* 752 F.2d 1170, 1179 (7th Cir.1985) (court decided whether contribution is available under the ERISA statutes) and *Heizer Corp. v. Ross,* 601 F.2d 330, 331 (7th Cir.1979) (contribution in Rule 10b–5 cases)); *Anderson,* 582 F.Supp. at 628 ("The question of whether contribution and indemnity are available under the federal civil rights laws should be governed by federal law. It would be anomalous if the availability of these remedies, as among defendants, varied according to the happenstance of the forum state in which the plaintiff brought the underlying action.").

8. Holliday Sand has not cited, nor has the court found, any federal court decision permitting a defendant to seek indemnity or contribution in a Title VII case. It has, however, *cited a decision*

In short, the court simply is not persuaded that Holliday Sand is entitled to seek indemnity or contribution from its former Vice President. Count I of its first amended third-party complaint is, therefore, dismissed.

■ The court also believes that Counts II and III of the first amended third-party complaint must be dismissed. Those counts respectively allege that Mr. Ulsh breached a fiduciary duty to Holliday Sand and breached a duty of care owed to Holliday Sand. The court finds that these counts are, in effect, a further attempt to seek indemnity and contribution and, for the reasons already set forth, must also be dismissed. *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992) (court found that employer's suit against two employees for breach of contract and fiduciary duty was, in effect, suit by employer to indemnify itself for its own violation of FLSA which is not permitted) (cited with approval in *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407 (10th Cir. 1992)).

**IT IS THEREFORE ORDERED BY THE COURT** that the renewed motion of third-party defendant Ray Ulsh to dismiss and to strike the first amended third-party complaint (Doc. # 25) is granted.

**IT IS FURTHER ORDERED** that the motion to dismiss or to strike the third-party complaint (Doc. # 15) is denied as moot.

**IT IS SO ORDERED.**

---

of the Oklahoma Court of Appeals which permitted an employer to pursue a state-law claim of indemnification. *See Biggs v. Surrey Broadcasting Co.*, 811 P.2d 111 (Okla.Ct.App.1991). Certainly that ruling is not binding on this court, but more importantly, it does not persuade the court

to find in favor of Holliday Sand. That case fails to address the import of *Northwest Airlines* at all, and, further, it is not clear from the decision whether the plaintiff brought a Title VII claim only or whether a discrimination claim was also brought under state law.