United States Court of Appeals,

Eleventh Circuit.

No. 94-2075.

Robert B. REICH, Plaintiff-Appellant,

v.

John C. DAVIS, Individually d/b/a John C. Davis, P.A., Defendant-
Appellee.

April 26, 1995.

Appeal from the United States District Court for the Middle
District of Florida. (No. 91-170-CIV-FTM-23D), L. Clure Morton,
Visting Judge.

Before CARNES, Circuit Judge, DYER and GUY[1], Senior Circuit Judges.

CARNES, Circuit Judge:

The Secretary of Labor sued on behalf of two employees,
claiming that their employer had discharged them in retaliation for
the exercise of their rights under the Fair Labor Standards Act
("FLSA"). After a bench trial, the district court entered judgment
in favor of the employer. We vacate and remand for clarification
by the district court.

## I. FACTS

Darlene Smiley and Cynthia Fellows were two of the five
employees who worked for John Davis, a certified public accountant.
Davis properly paid his employees overtime at one-and-a-half times
their wages during the tax season, which lasted roughly from
January to April. For the rest of the year, however, Davis did not
pay his workers extra wages for working overtime. Instead, during
that period he allowed his employees "compensatory leave": they

[1]Honorable Ralph B. Guy, Jr., Senior U.S. Circuit Judge for
the Sixth Circuit, sitting by designation.

received one hour off for every hour of overtime worked. It is undisputed that Davis's method of compensating his employees by awarding them compensatory leave time instead of extra wages violated the FLSA.

In the fall of 1986, Smiley asked Davis to pay her the extra wages to which she was entitled, but Davis refused. Smiley filed a written complaint against Davis with the Wage and Hour Division of the Department of Labor on October 6, 1987. A Wage and Hour Division investigator examined Davis's pay practices, interviewed Smiley and Fellows, and informed Davis that his system of using compensatory leave in lieu of extra wages for overtime was unlawful. Davis computed the unpaid overtime wages he owed each of his five employees and on September 20, 1988, mailed back wages checks to three of them. Three days later, Davis called Smiley and Fellows into his office. He handed them their back wages checks and fired them.

Following their discharge, Smiley and Fellows both filed successful state unemployment compensation claims against Davis. In contesting their claims, Davis listed on an unemployment compensation form several reasons why he discharged them. One of the reasons Davis listed for both Smiley's and Fellows's discharge was "conspiracy with another employee to file [a] false claim with the Federal Wage and Hour Board." His position was that they had conspired with each other to file a false claim with the Wage and Hour Division.

The Secretary of Labor brought this lawsuit to permanently enjoin Davis from violating § 15(a)(3) of the FLSA, 29 U.S.C. §

215(a)(3), which prohibits an employer from discharging an employee in retaliation against the employee's filing a complaint with or testifying in an investigation led by the Wage and Hour Division. The Secretary also requested other relief, including an order requiring Davis to offer reinstatement to Smiley and Fellows, and an order "restraining the withholding by [Davis] of wages lost by reason of" Smiley's and Fellows's discharge. The district court entered judgment in favor of Davis. The only explanation we have of the reasoning behind the district court's judgment is a memorandum opinion which, in its entirety, states as follows:

> The Secretary of Labor brings this suit against the defendant pursuant to the Fair Labor Standards Act. Among other allegations, the defendant is charged with discharging two employees, Cynthia B. Fellows and Darlene Smiley, because they exercised their rights under the Fair Labor Standards Act. He asserted that the discharged employees filed false claims that "he did not pay overtime." In fact, this information was given to him by the government inspector, and he relied on it, although it was only half true. The court accepts defendant's explanation for the reason he used this half truth as a ground to defeat the unemployment compensation claim.

> Defendant had a practice of paying overtime compensation during the tax season. Overtime after the tax season was treated as comp time which the employee could use for vacation or time off with regular pay. That issue has no bearing on this case. On audit the defendant complied with the Fair Labor Standards Act and paid the employees what they were entitled to, plus penalty. This is a dead issue.

> The only matter before the court is whether the two employees were fired because they initiated the investigation of their lack of payment of overtime. After listening to all the witnesses, pro and con, and judging their credibility, the court finds that the plaintiff has failed to sustain its burden of proof. Therefore, judgment will be entered for the defendant.

Davis maintains on appeal, as he did in the district court, that Smiley's claim was false because Davis did pay a significant amount of overtime during tax season. In addition, Davis contends

that even before he heard of the FLSA complaint, he was planning to fire both employees because of their poor work habits and poor work product. These reasons, Davis argues, were the motivating factors that led to the discharge.

## II. DISCUSSION

At issue is the proper interpretation of § 15(a)(3) of the FLSA, which makes it unlawful:

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee....

29 U.S.C.A. § 215(a)(3) (1965). We review both questions of law and a district court's application of law to the facts de novo. *See In re Sloma,* 43 F.3d 637, 639 (11th Cir.1995) (questions of law); *Reich v. Department of Conservation and Natural Resources,* 28 F.3d 1076, 1085 (11th Cir.1994) (applications of fact).

### A. WHETHER THE FLSA CLAIM WAS "FALSE"

As an initial matter, Davis's contention that Smiley and Fellows conspired to file a false claim is utterly meritless. According to a pre-trial stipulation, Smiley filed a claim that Davis did not pay overtime. That claim was not false, because for eight months of the year, Davis did not pay overtime. There is no evidence that either Smiley or Fellows said that Davis *never* paid overtime. It therefore would be clear error to find that Smiley and Fellows conspired to file a false claim, or that they did file a false claim. Davis was mistaken if he believed that the claim was false, and he—not Smiley or Fellows—should bear the consequences of his mistake.

Moreover, the truthfulness of the complaint that Smiley and Fellows filed is evidenced by its result: an award of back wages to Davis's employees. The anti-retaliation provision of the FLSA would be toothless indeed if it did not prevent an employer from discharging an employee for the filing of a successful claim. We reject the notion that an employer may fire a worker who files a successful claim merely because the employer decides that his violation of the law was not quite as extensive as the employer thinks the employee has alleged. The FLSA was designed to protect the rights of employees, not the feelings of employers.

B. APPLICATION OF THE "IMMEDIATE CAUSE" OR "MOTIVATING FACTOR" TEST

Davis also argues that he did not violate the anti-retaliation provisions of the FLSA because the filing of the claim was not the reason he fired Smiley and Fellows. The record establishes without dispute, however, that Davis did list the filing of the claim (i.e., the "conspiracy ... to file a false claim") as *one* of the reasons he fired the two employees. To the extent that the district court's rather cryptic opinion finds to the contrary, that finding is clearly erroneous. *See Anderson v. City of Bessemer, N.C.,* 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985) (despite substantial deference due trial court's factfindings based upon credibility determinations, appellate court may find clear error where the story of the witness credited by trial court is contradicted by documentary evidence). One of the reasons Davis gave for firing Smiley and Fellows, the filing of the claim, was an improper reason. However, our analysis does not end here.

Alternatively, Davis argues that the improper reason was not a "but for" cause of Reich's and Fellows's discharge. It is possible that the district court agreed with him on this ground. In other words, the district court may have decided that Davis truly had been planning to fire Smiley and Fellows on September 23, 1988, and that they would have been discharged on that date even if no complaint had been filed. There is some evidence in the record to support Davis's factual premise. For the reasons below, we do accept Davis's legal premise: that retaliation must be the "but for" reason for Smiley's and Fellows's termination before they are entitled to any relief under § 15(a)(3) of the FLSA.

We reach our decision based upon our interpretation of this circuit's precedent and the purpose of the anti-retaliation provision. The FLSA makes it unlawful for an employer to fire an employee "because" the employee asserted rights protected under the statute. In deciding what meaning we should apply to the term "because," and whether Smiley's and Fellows's discharge fell within that meaning, we are guided by *Goldberg v. Bama Manufacturing Corp.,* 302 F.2d 152 (5th Cir.1962), where we stated:

> There is no doubt in our minds that the record fully supports the district court's finding that there were half a dozen reasons why [the employee] should have been discharged. Nevertheless, the fact remains that the immediate cause of her discharge was the assertion of a statutory right, the exercise of which is protected from reprisals.

*Id.* at 154. Thus despite the existence of legitimate business reasons for discharging one who we agreed "was an incompetent, dishonest employee," *id.* at 156, we held in *Goldberg* that a violation of the FLSA occurs when the "immediate cause" of discharge is retaliation. Other circuits have similarly applied an

"immediate cause or motivating factor" test to determine whether an employer who later produces legitimate business reasons for the discharge nonetheless violated § 15(a)(3). *See Martin v. Gingerbread House, Inc.,* 977 F.2d 1405, 1408 n. 4 (10th Cir.1992); *Love v. RE/MAX of America, Inc.,* 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 181 (8th Cir.1975).

In *Goldberg,* we applied the "motivating factor" test in a "but for" way. The Tenth Circuit has followed the same approach, holding that "the discharge is unlawful only if it would not have occurred *but for* the retaliatory intent." *Martin,* 977 F.2d at 1408 n. 4. In *Martin,* the Tenth Circuit affirmed a ruling that the discharge was not retaliatory, despite the employer's statement that "people who are loyal don't call the labor department," because other valid reasons would have led to the same result. *Id.* at 1408-09. The "but for" interpretation still serves the statutory purpose of encouraging employees to report violations of the FLSA. Only those employees who would have suffered exactly the same adverse action even if they had not engaged in FLSA activities will be unprotected under the "but for" test. We therefore hold that the "motivating factor" test is equivalent to a "but for" standard.

Applying the *Goldberg* "motivating factor" or "but for" test to this case means that Smiley and Fellows are entitled to relief only if they establish that the filing of the complaint with the Wage and Hour Division, or their cooperation in the ensuing investigation, caused them to suffer adverse action that they otherwise would not have suffered. The relief to which they are

entitled is commensurate with the extent of the adverse action they suffered as a result. If they establish that they would not have been fired at all but for their protected activities, then they are entitled to reinstatement and full back pay.

By contrast, if the evidence establishes that Smiley and Fellows eventually would have been fired anyway, but not as soon as they were, then they are not entitled to reinstatement; they are entitled only to back pay for the period of time that they would have been employed but for their protected activity.[2] Fitting the relief to the consequences of the employees' participation in protected activity balances the important interest of protecting employee participation in protected activity against the employer's interest in not being saddled with unsatisfactory employees, who would have been fired anyway, just because they engage in protected activities.

A remand is necessary in this case. To the extent that the district court found that Smiley's and Fellows's participation in protected activities was not *a* reason Davis terminated them, that finding is clearly erroneous. On the state unemployment compensation form, Davis listed their activities in relation to the Wage and Hour claim—which proved to be valid—as a reason they were terminated. On remand, the district court is to take that fact as established and proceed to a factual determination of whether Fellows and Smiley would have been fired anyway and, if so, when. If the district court finds that either or both of them would not

---

[2]If it is established that Smiley or Fellows suffered any adverse action because of protected activities, the Secretary would be entitled to the injunctive relief he seeks.

have been fired, or would not have been fired as soon as they were, but for their participation in protected activities, the court is to grant commensurate relief to them and such additional appropriate injunctive relief as the Secretary is entitled to receive.

## III. CONCLUSION

The district court's opinion is VACATED and the case is REMANDED for further proceedings consistent with this opinion.