UNITED STATES COURT OF APPEALS
**Filed 1/15/97**
FOR THE TENTH CIRCUIT

DONALD E. SPENCER,

       Plaintiff-Appellant,

v.

NORTH AMERICAN SALT
COMPANY, CHUCK NICHOLS,
JOEL DAVENPORT AND BURL
DOCKUM,

       Defendants-Appellees.

No. 96-3087
(D.C. No. 94-CV-1306)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appearing pro se, Donald E. Spencer appeals the district court's order entering summary judgment in favor of his former employer, North American Salt Company, and individual managers, Chuck Nichols, Joel Davenport and Burl Dockum,[1] on his claims of religious discrimination and retaliatory discharge. Mr. Spencer also contends that the district court erred in assessing costs against him. Upon consideration of the record and the parties' written arguments, we affirm.

BACKGROUND

Mr. Spencer, a member of the Faith Apostolic Tabernacle Church, was employed by the company as an engine room operator and general laborer until his discharge on June 12, 1992. On four occasions between July 1991 and January 1992, Mr. Spencer needed medical attention to remove a foreign particle from his left eye. After the fourth injury, the company told Mr. Spencer that he

---

[1] This order and judgment refers to all appellees, including Mr. Dockum (Mr. Spencer's immediate supervisor), Mr. Davenport (the production manager) and Mr. Nichols (the plant manager) as "the company."

must take the additional precaution of wearing goggles over his safety glasses at all times during the work day or be subject to disciplinary action, including suspension and discharge.

On April 8 and April 29, 1992, Mr. Spencer was observed without goggles and warned in writing that he would be discharged if it happened again. When he was observed without goggles on June 12, he was discharged.

Interspersed with the company's disciplinary measures were Mr. Spencer's contacts with federal and state agencies: (1) a claim for medical expenses related to the fourth eye injury, filed with the Kansas Department of Human Resources, Division of Workers' Compensation on April 15; (2) charges alleging asbestos exposure and unsafe personal protective equipment, filed with the Occupational Safety and Health Administration (OSHA) on April 30 and May 4 and later referred to the Mine Safety and Health Administration (MSHA); and (3) a complaint about a company policy that allegedly required him to work ten minutes a day without compensation, filed with the Wage and Hour Division of the United States Department of Labor on May 7. After his termination, Mr. Spencer filed a charge of religious discrimination with the Equal Employment Opportunity Commission (EEOC) and the Kansas Human Rights Commission (KHRC).

The company decided to pay the workers' compensation claim for medical expenses associated with the fourth eye injury. Mr. Spencer had no success with the remainder of his administrative charges.[2]

Mr. Spencer filed a complaint in the Kansas state courts alleging retaliatory and discriminatory discharge. The company removed the action to federal court; conducted discovery, including a lengthy deposition of Mr. Spencer;[3] and moved for summary judgment. The district court granted the company's motion and awarded costs in the amount of $3,397.62.

## DISCUSSION

The district court liberally construed Mr. Spencer's pleadings and identified the following claims: (1) religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1); (2) retaliatory discharge in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3); and (3) common law retaliatory discharge in violation of Kansas public policy.

The court analyzed each of the claims according to the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973),

---

[2]    The MSHA determined that there was no asbestos or equipment hazard and the EEOC and the KHRC found no probable cause to support the religious discrimination claim. The record does not reflect the outcome of the wage and hour claim.

[3]    Mr. Spencer's deposition took place from December 6th to 8th, 1994 and on January 31st, 1995.

then entered summary judgment in favor of the company. The court found that Mr. Spencer had failed to make a prima facie showing on any claim, in that he had not come forward with evidence to support an inference of either religious discrimination or a causal connection between his discharge and his administrative filings. Alternatively, it determined that the company had articulated a legitimate reason for the discharge and that Mr. Spencer had not introduced evidence of pretext.

On appeal, Mr. Spencer argues that the entry of summary judgment was erroneous because the motivation for his termination was an issue of material fact that precluded summary judgment. We review de novo the grant or denial of a summary judgment motion, applying the same legal standard as the district court. Marx v. Schnuck Markets, Inc., 76 F.3d 324, 327 (10th Cir.), cert denied, 116 S. Ct. 2552 (1996). Summary judgment is appropriate only if there are no genuinely disputed material issues of fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P 56(c).

As Mr. Spencer is making a Title VII claim of religious discrimination, he must establish a prima facie case by proving: "1) he . . . has a bona fide religious belief that conflicts with an employment requirement; (2) he . . . informed the employer of this belief; [and] (3) he . . . was [fired] for failure to comply with the

conflicting employment requirement." Toledo v. Nobel-Sysco, Inc., 892 F.2d 1481, 1486 (10th Cir. 1989).

Mr. Spencer argues that the goggle requirement was absurd and therefore contrary to his religious duty to secure rightfulness, truth and order. However, Mr. Spencer failed to show that he informed the company of a connection between his religious beliefs and his failure to wear goggles during the work day. The district court properly entered summary judgment on the religious discrimination claim.

Similarly, Mr. Spencer produced no facts in support of his contention that he was discharged in retaliation for complaining to administrative agencies. The relevant legal theories are retaliatory discharge under § 215(a) of the FLSA for the report of an alleged wage and hour violation and under Kansas common law for the workers' compensation claim and OSHA/MSHA charges.

The applicable standards are similar for both theories. The Tenth Circuit applies a "motivating factor" analysis to claims of retaliatory discharge under § 215(a). A discharge is unlawful "only if it would not have occurred but for the retaliatory intent." McKenzie v. Renberg's Inc., 94 F.3d 1478, 1483 (10th Cir. 1996), quoting Martin v. Gingerbread House, Inc., 977 F.2d 1405, 1408 (10th Cir. 1992). In a Kansas common law action for retaliatory discharge, the plaintiff must establish by a "preponderance of the evidence," which is "clear and

convincing in nature, that the defendant, among other things, terminated him or her in retaliation for fiing a claim under the Workers' Compensation Act. <u>Ortega v. IBP, Inc.</u>, 874 P.2d 1188, 1196, 1198 (Kan. 1994).

The district court decided that Mr. Spencer failed to create an evidentiary dispute on the related issues of causation and pretext. We agree. The facts alleged by Mr. Spencer provide no inference of a causal connection between his agency filings and his subsequent discharge. The uncontroverted evidence demonstrates that Mr. Spencer was discharged for his third breach of the goggle requirement. When an employee fails to come forward with sufficient evidence to raise a genuine dispute on an essential element of a retaliatory discharge claim or the employer's intent, the district court may properly grant an employer's motion for summary judgment. See <u>Koopman v. Water Dist. No. 1</u>, 972 F.2d 1160, 1164 (10th Cir. 1992).

Mr. Spencer's final contention on appeal is that the clerk of the district court's award of costs to the company was erroneous. <u>See</u> Fed. R. Civ. P. 54(d)(1). He specifically objects to the assessment of $2,938.40 for transcripts of his three-and-a-half days of deposition testimony.

The award of costs is affirmed for two reasons. First, Mr. Spencer failed to preserve the alleged error by requesting judicial review of the action of the clerk. <u>See</u> Fed. R. Civ. P. 54(d)(1). Second, we review an award of costs only for abuse

of discretion. See Treff v. Galetka, 74 F.3d 191, 197 (10th Cir. 1996). A trial court may tax as costs the "[f]ees of a court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Although the four volumes of deposition transcripts seem to represent "piling on," and probably were not necessary to the company's summary judgment motion, we cannot conclude that the award of costs amounted to an abuse of discretion.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. We exercise our discretion to require the parties to pay their own costs and expenses on appeal. The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge