Gerald MARX, Plaintiff,

v.

SCHNUCK MARKETS, INC., Defendant.

No. 93–2375–JWL.

United States District Court, D. Kansas.

Nov. 21, 1994.

Stephen J. Dennis, Kenneth R. Battis, Dennis & Battis, P.A., Fairway, KS, for plaintiff Garald Marx.

Nancy M. Landis, Spencer, Fane, Britt & Browne, Overland Park, KS, Dennis G. Collins, Lisa K. Boyer, Greensfelder, Hemker & Gale, P.C., St. Louis, MO, for defendant Schnuck Markets, Inc.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

*I. Introduction*

This matter is currently before the court on plaintiff's motion to reconsider the court's order of summary judgment entered September 30, 1994 (Doc. # 91). In our order, the court granted defendant summary judgment on plaintiff's claims of discriminatory demotion and discharge under the ADEA and

plaintiff's claims of retaliatory demotion and discharge under the FLSA, 863 F.Supp. 1489. Plaintiff seeks reconsideration of the court's decision on the grounds that the court erred in applying the *McDonnell Douglas* criteria to plaintiff's claims and that the court failed to consider the evidence in a light most favorable to plaintiff. Plaintiff also asks the court to consider additional evidence not before the court when it rendered its decision. For the reasons set forth below, plaintiff's motion to reconsider is denied.

## II. Legal Standard

The standard applied on a motion for reconsideration in this court has been accurately summarized as follows:

> Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Estate of Pidcock v. Sunnyland America, Inc.,* 726 F.Supp. 1322, 1333 (S.D.Ga.1989); *see Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981).

*Parker v. Board of Public Utilities of Kansas City, KS,* No. 93–2262–GTV, slip op. at 3, 1994 WL 542130 (D.Kan. September 14, 1994); *see also Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990) (motion to reconsider appropriate when the court has obviously misapprehended a party's position, the facts, or the applicable law, or when a party introduces new evidence that could not have been obtained through the exercise of due diligence).

## III. Discussion

■ Plaintiff's primary argument for reconsideration is that this court erred in applying the *McDonnell Douglas* shifting burdens test to plaintiff's claims because that test is not applicable in a case of after-acquired evidence. The court finds this argument by plaintiff to be totally without merit for the simple reason that the court did not base its original decision on the after-acquired evidence doctrine. The after-acquired evidence doctrine allows employers to escape liability or diminish damages in Title VII claims by introducing evidence of an employee's wrongdoing that the employer discovered after its initial employment decision. *See generally Summers v. State Farm Mut. Auto Ins. Co.,* 864 F.2d 700 (10th Cir.1988). In the present case, the evidence which the defendant relied on in demoting plaintiff was defendant's belief that plaintiff was not truthful in connection with an investigation undertaken by defendant following its receipt of a complaint from an employee at the Schnucks store where plaintiff was manager regarding an alleged encounter she had with plaintiff. This evidence was discovered prior to plaintiff's demotion and was the stated reason for his demotion. Similarly, the defendant presented evidence that it terminated plaintiff due to the fact that plaintiff misrepresented his marital status on his employment application for the purpose of gaining employment at Schnuck, that plaintiff continued to misrepresent his marital status following his employment, and that defendant therefore terminated him consistent with its policy of terminating persons found to have deliberately falsified their employment applications. Again, this evidence was discovered prior to plaintiff's termination and was in fact the stated reason for his termination.

The court's decision granting summary judgment in no way relied on the after-acquired evidence doctrine. Rather, it was based on plaintiff's failure to produce any evidence, beyond his showing of a prima facie case, that age was a determining factor in defendant's decision to demote and subsequently discharge plaintiff or that the immediate cause or motivating factor of defendant's adverse employment action was in retaliation for plaintiff's assertion of statutory rights.

Plaintiff next argues that the court inappropriately applied the shifting burden analysis described in *McDonnell Douglas* to plaintiff's FLSA retaliation claim. Plaintiff cites no authority for this contention. This court believes that the shifting burden analysis described in *McDonnell Douglas* does apply

to plaintiff's FLSA retaliation claims for the reasons set forth in the original order.

Plaintiff next argues that the court improperly applied the *McDonnell Douglas* analysis based on the Supreme Court's holding in *St. Mary's Honor Center v. Hicks,* —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). In that case, a correctional officer alleged that St. Mary's Honor Center had demoted and subsequently discharged him on the basis of race. At trial, St. Mary's introduced evidence of two purported legitimate, nondiscriminatory reasons for its actions. The district court, acting as trier of fact in a bench trial, found that the reasons St. Mary's gave were not the real reasons for Mr. Hick's discharge. However, it nonetheless held that Mr. Hicks had failed to carry his ultimate burden of proving that his race was the determining factor in the decision to first demote and then to dismiss him. *Id.* at ——, 113 S.Ct. at 2748. The Court of Appeals set this determination aside on the grounds that once Mr. Hicks had proved all of the reasons given by St. Mary's for its actions to be pretextual, Mr. Hicks was entitled to judgment as a matter of law. *Id.* The Supreme Court reversed, holding that the trier of fact's rejection of an employer's asserted reasons for its actions does not entitle a plaintiff to judgment as a matter of law. *Id.*

Plaintiff in our case contends that, based upon language contained in *St. Mary's,* this court misapplied the *McDonnell Douglas* analysis in issuing summary judgment. Plaintiff relies on language wherein the Supreme Court stated that although a factfinder's disbelief of an employer's proffered reason for a termination would not mandate judgment as a matter of law for plaintiff, it "may, together with the elements of a prima facie case, suffice to show intentional discrimination." *Id.* at ——, 113 S.Ct. at 2749. Plaintiff argues that due to this court's finding that the plaintiff had established a prima facie case from which an inference of retaliatory motive could be derived, plaintiff had come forward with facts from which a trier of fact could "disbelieve" defendant's proffered reasons for its actions and that plaintiff's claim should therefore withstand summary judgment.

The court does not find merit in plaintiff's argument. Under plaintiff's argument, any plaintiff who was able to establish a prima facie case of discrimination would automatically survive summary judgment. The court does not believe this to be the law, nor a proper reading of *St. Mary's.* The court in *St. Mary's* was dealing with the issue of whether, at the trial stage, a plaintiff's disproving of an employer's proffered reasons for its actions was sufficient to entitle a plaintiff to judgment as a matter of law. The court held that it was not sufficient and that plaintiff still had the burden of proving that the employer had unlawfully discriminated. The court does not believe that the decision in *St. Mary's,* which dealt with the effect of an employer's stated reasons for taking an employment action being discredited at the trial stage, affects plaintiff's burden, at the summary judgment level, to produce specific facts, beyond mere conjecture, that an employer's explanation of its employment action is a pretext for intentional discrimination. *See Branson v. Price River Coal Co.,* 853 F.2d 768, 771–72 (10th Cir.1988).

Plaintiff next argues that the court erred by failing to consider the record in a light most favorable to the non-moving party. Plaintiff argues that the court failed to consider evidence of his performance prior to the incident leading to his demotion and also argues that the court should not have considered the affidavit of Bill Jones submitted by defendant.

■■■ As to plaintiff's evidence of his performance prior to his demotion, this evidence is relevant as to whether plaintiff produced evidence sufficient to show a prima facie case of discrimination. However, that evidence does not satisfy plaintiff's burden to come forward with evidence showing that defendant's proffered reasons for demoting him were pretextual. This evidence does not do anything to remedy plaintiff's failure to come forward with evidence creating a question of fact as to whether defendant's proffered reasons for its actions were pretextual.

Plaintiff also contends that the court should have disregarded the affidavit of Bill Jones, who stated that defendant maintains a policy of discharging employees who deliber-

ately misrepresent information on their applications for employment. Plaintiff relies on *Welch v. Liberty Machine Works, Inc.,* 23 F.3d 1403 (8th Cir.1994). The court finds the facts in *Welch* distinguishable from the present case. In *Welch,* the defendant had failed to establish that it had a policy in place as to terminating employees for misrepresentations on its employment application prior to its discharge of the employee in question. The *Welch* court simply noted that the company president's statement that it would not have hired a worker had it known of the misrepresentation on the application, standing alone, was insufficient to determine that the corporation had a settled termination policy. *Id.* at 1406.

In the present case, Mr. Jones' affidavit regarding defendant's policies is supported by evidence that defendant had terminated numerous employees in the past for falsifying employment documents. Unlike *Welch,* where the sole evidence of the company's termination policy was the submission of the company president's affidavit, defendant here produced evidence that when uncontested by plaintiff, established that its termination policy predated plaintiff's discharge. Accordingly, the court found it sufficient, along with other evidence introduced by the defendant, to show a legitimate, nondiscriminatory basis for defendant's actions.

*IV. Conclusion*

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** plaintiff's motion to reconsider (Doc. # 91) is denied.

**IT IS SO ORDERED.**