78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Patricia E. GOULD, Plaintiff-Appellant,
v.
KEMPER NATIONAL INSURANCE COMPANIES and Lumbermens Mutual
Casualty Company, Defendants-Appellees.
 No. 95-1883.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 7, 1996.
Decided Feb. 27, 1996.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 The district court granted summary judgment to the defendants, ruling that a reasonable jury could not conclude that age was the reason for the discharge of plaintiff Patricia E. Gould. 880 F.Supp. 527 (N.D.Ill.1995). The district court's careful opinion addresses the issues in the case, and we affirm for substantially the reasons given there. Only two arguments require additional comment.
 
 
 2
 1. The district court held Gould to the statement at her deposition that, in the year of her discharge, she spent the majority of her time on Kemper's Career Development Resource Center (CDRC), which Kemper eliminated as a cost-reducing step. Later Gould filed an affidavit stating that she spent only 20% of her time that year on CDRC matters. The district court held that any conflict between Gould's two versions was not the sort of "material" dispute that requires a trial. The district court followed a line of cases in this circuit holding that a plaintiff is not allowed to change position on critical factual elements of her case once their legal significance becomes clear. See Bank of Illinois v. Allied Signal Safety Restraint Systems, No. 95-1470 (7th Cir. Feb. 2, 1996) (collecting cases).
 
 
 3
 A litigant nonetheless is entitled to clear up confusion. See Bank of Illinois, slip op. 15 n. 10. Gould argues that her affidavit is covered by this principle, because the question asked at her deposition was confusing. Kemper denies that the question was confusing and observes that Gould could have corrected the answer to her deposition before signing and approving it (as she did with the answers to other questions). We need not resolve this dispute, because Gould did not present this contention to the district court either before it entered summary judgment or by a motion to alter or amend the judgment under Fed.R.Civ.P. 59.
 
 
 4
 To avoid the rule that litigants must present their arguments to the district court, Gould advances two arguments. The first is that she received ineffective assistance of counsel in the district court. This is a nonstarter; in civil litigation errors by counsel are attributed to the clients, who must seek redress from the errant lawyers rather than from their adversaries. See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 113 S.Ct. 1489, 1499 (1993); United States v. 7108 West Grand Avenue, 15 F.3d 632 (7th Cir.1994). Her second argument is that she eventually alerted the district judge to the possibility that the answer at the deposition was attributable to a confusing question. After prevailing on the merits, defendants sought sanctions under Fed.R.Civ.P. 11, and when denying this motion the district judge wrote that "any inconsistencies between Plaintiff's affidavit and deposition were the result of an honest mistake, and were not intended to deceive the court." Obviously the district judge did not believe this finding to be inconsistent with his decision on the merits (he did not invite a motion under Fed.R.Civ.P. 60(b)); a finding that there was an "honest mistake" sufficient to avoid sanctions differs from a finding that the affidavit was admissible under this circuit's criteria. More to the point, Gould's argument came too late. The judgment was final, and the case on appeal, by the time she made the contention to the district judge. Arguments first presented to the district court after the filing of the notice of appeal have been forfeited; otherwise the whole point of the rule--which requires arguments to be presented in a timely fashion, to avoid errors before they occur--would be subverted.
 
 
 5
 2. Gould believes that her employer's argument that employees attached to the CDRC suffered the fate of that program is a pretext for discrimination. To establish pretext, Gould points out that Kemper retained Kathie Murphy, a younger employee also doing work on the CDRC. The district judge concluded that Murphy was retained because she had a doctorate and skills in demand for Kemper's other educational programs. As Gould sees things, however, the possibility of making such a judgment shows that Kemper did not follow an iron-clad rule linking employees' fate to that of their programs. A jury therefore could disbelieve Kemper's explanation; and disbelief could support an inference that the real reason was discriminatory.
 
 
 6
 The Supreme Court has granted certiorari to address the question how strong such an inferential chain may be. See Merrill v. Barbour, No. 95-27 (cert. granted Jan. 19, 1996). But we need not explore this topic in light of Anderson v. Baxter Healthcare Corp., 13 F.3d 1120 (7th Cir.1994), which holds that the mere possibility of disbelief is not enough to avoid summary judgment. There must instead be "evidence from which a rational factfinder could infer that the company lied". Id. at 1124. Although the trier of fact can disbelieve any explanation, that possibility standing alone is not enough--for, if it were, summary judgment could never be granted in an employment discrimination case.
 
 
 7
 What a plaintiff needs to avoid summary judgment is some reason to believe that the real reason for the decision differs from the one the employer has given, and therefore that the real reason is one forbidden by law. That evidence is missing, as the district judge concluded. Gould may have grounds to think that her employer acted unwisely, but error is not unlawful. Unless the real reason is her age, federal law does not interfere. And of that there is no evidence, for the reasons the district judge explored.
 
 
 8
 AFFIRMED.