Beth MERRILL, Plaintiff,

v.

CINTAS CORPORATION, Defendant.

No. 95–2423–JWL.

United States District Court, D. Kansas.

Sept. 19, 1996.

Jane McQueeny, Mark A. Buchanan, The Popham Law Firm, Kansas City, MO, for plaintiff.

Leonard Singer, Sharon D. Hess, James R. Holland, II, Bioff, Singer & Finucane, Kansas City, MO, Robert W. Maxwell, II, Keating, Muething & Klekamp, Cincinnati, OH, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

#### I. Introduction.

This employment discrimination case comes before the court on the defendant's motion for summary judgment (Doc. # 28) and the plaintiff's motion for partial summary judgment (Doc. # 29) on Count II (Equal Pay Act violation) both pursuant to Federal Rule of Civil Procedure 56. For the reasons discussed below, the court grants the defendant's motion for summary judgment with respect to the plaintiff's Title VII claim and denies both the defendant's summary judgment motion with respect to the plain-

tiff's Equal Pay Act claims and the plaintiff's motion for partial summary judgment.

#### II. Facts.

The following facts are either uncontroverted or, if controverted, construed for the purposes of resolving this motion in the light most favorable to the non-moving party. On April 18, 1994, the defendant hired the plaintiff (a female), Mr. Blake Brownell, and Mr. Tim Connors as sales representatives at its Olathe location. The defendant agreed to pay the plaintiff $25,000 per year, Mr. Brownell $30,000 per year, and Mr. Connors $25,000 per year.

On October 7, 1994, Mr. Mike Williams, the general manager of the defendant's Olathe location, and Mr. Chris Rodgers, the sales manager at the defendant's Olathe location, met with the plaintiff and informed her that if her sales did not improve, they would "part company." On October 27, 1994, Mr. Williams and Mr. Rodgers had a follow up meeting with the plaintiff during which they gave the plaintiff an ultimatum requiring her to obtain rental contracts for at least $400 during the three weeks ending November 4, 11, and 18, 1994. The plaintiff failed to meet these sales goals.

On November 18, 1994, the defendant terminated the plaintiff. On December 8, 1994, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that the defendant discriminated against her based on her gender and that the defendant terminated her in retaliation for submitting a memorandum dated November 16, 1994, to her superiors alleging that the defendant was discriminating against her based on her gender.[1] On June 26, 1995, the plaintiff received a right to sue letter from the EEOC which informed her that she had ninety days to sue the defendant.[2] The plaintiff filed this lawsuit on

---

1. Specifically, the plaintiff's memorandum complained about the following: she was the only salesperson given an ultimatum despite the fact that others had lower sales numbers; she had a client taken away, was not given credit for another client, and was not told about a walk-in lead in her territory; her superior was non-responsive to her requests for help; she was the lowest paid salesperson even though she had more sales and management experience than some of her peers.

The plaintiff ended her memorandum by stating that "[t]he only difference I can see is that I am female and am treated differently because of it." *Plaintiff's suggestions in opposition*, Exhibit L.

2. The defendant argues that the plaintiff received her right to sue letter on June 19, 1995, and, as a result, the plaintiff filed her lawsuit nine days late. However, because the court is required to construe the facts in a light most favorable to the

September 26, 1995, ninety-one days after she received her right to sue letter.[3]

### III. Summary judgment standard.

When considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non-moving party. *Jones v. Unisys Corp.*, 54 F.3d 624, 628 (10th Cir.1995). A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.Pro. 56(c); *Anglemyer v. Hamilton*, 58 F.3d 533, 536 (10th Cir.1995). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The non-movant may not merely rest on the pleadings to meet this burden. *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511. More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555.

### IV. Plaintiff's motion for partial summary judgment.

#### A. EPA sex discrimination standard.

▮▮▮ To establish a prima facie case of pay discrimination in violation of the EPA, the plaintiff must show that (1) she was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs, (2) the conditions where the work was performed were basically the same, (3) the male employees were paid more under such circumstances. *Tidwell v. Fort Howard Corp.*, 989 F.2d 406, 409 (10th Cir.1993). If the plaintiff establishes a prima facie case, the defendant must plead and provide evidence to support the contention that one of the statutory affirmative defenses listed in 29 U.S.C. § 206(d)(1) justifies the wage disparity. *Id.; Equal Employment Opportunity Commission v. White and Son Enterprises*, 881 F.2d 1006, 1009 (11th Cir.1989) (holding that the affirmative defenses listed in 29 U.S.C. § 206(d)(1) must be specifically plead or they are waived). These statutory affirmative defenses are: (1) a seniority system, (2) a merit system, (3) a pay system based on quantity or quality of output, (4) a disparity based on any factor other than sex. 29 U.S.C. § 206(d)(1).

#### B. Analysis.

▮▮▮ The plaintiff's EPA gender discrimination claim asserts that the defendant paid the plaintiff less than similarly employed males in violation of 29 U.S.C. § 206(d)(1). Although it frames its argument as one that the plaintiff cannot state a prima facie case, the defendant does not actually challenge the specific elements of the plaintiff's prima facie case. That is, the defendant has not asserted that the plaintiff was not performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs, or that the conditions where the work was performed were not basically the same,

---

plaintiff and because the uncontroverted facts indicate that the plaintiff filed her lawsuit at least one day late in any event, the court will, for the purpose of the defendant's summary judgment motion, assume that the plaintiff received her right to sue letter on June 26, 1995, as she contends.

**3.** In her suggestions in opposition to the defendant's summary judgment motion, the plaintiff voluntarily dismissed her state law claim for negligent infliction of emotional distress. As a result, the plaintiff's remaining causes of action are gender discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and gender discrimination and retaliation in violation of the Equal Pay Act, 29 U.S.C. §§ 215(a)(3) & 206(d).

or that no male employees were paid more under such circumstances.[4] Rather, the defendant's arguments attempt to justify the wage disparity between the plaintiff and Mr. Brownell·and other male salespersons, which, in EPA gender discrimination cases, constitutes reliance on affirmative defenses. *See* 29. U.S.C. § 206(d)(1). Regrettably, the defendant failed to specifically designate any of the arguments it raises in its papers as affirmative defenses in its answer or the Pretrial Order. However, § 4.1 of the Final Pretrial Order does state a purported legitimate, non-discriminatory reason why the defendant paid Mr. Brownell $5,000 more than the plaintiff, i.e., because Mr. Brownell "was earning over $10,000 more annually as a major account representative for another company than what Cintas offered him, while Plaintiff and Connors had been earning less than the base offered them to join Cintas." While the court questions why the defendant did not plead or designate any affirmative defenses as such and wonders why the defendant failed to address the plaintiff's waiver of affirmative defenses theory in its response, the court believes that the above quoted statement in § 4.1 of the Final Pretrial Order sufficiently preserves an affirmative defense based on those alleged facts.[5] Because the Final Pretrial Order supplants the earlier pleadings in the case, *Expertise, Inc. v. Aetna Finance Co.*, 810 F.2d 968, 973 (10th Cir.1987) (citations omitted); Fed.R.Civ.Pro. 16(e), the court concludes that the *Tidwell* requirement is, though barely, met here. The defendant also raises in its motion papers other purported legitimate, non-discrim-

inatory reasons which are not in any way included in the defendant's answer or the Final Pretrial Order. As a result, the defendant is deemed to have waived those defenses and, therefore, is barred from raising them now. *Tidwell,* 989 F.2d at 409; *Equal Employment Opportunity Commission*, 881 F.2d at 1009; Fed.R.Civ.Pro. 8(c).

In support of its purported legitimate, non-discriminatory reason, the defendant offers Mr. Rodgers' testimony that Mr. Brownell told him how much he earned at his previous job and Mr. Williams'˙ testimony indicating what he believed the prior salaries of the plaintiff and Mr. Brownell were. In response, the plaintiff offers evidence indicating that she had earned more than $25,000 (her base salary at Cintas) at her previous job.

Construing the facts in a light most favorable to the defendant, the court concludes that the plaintiff has failed to show that no genuine issue of material fact exists concerning the defendant's purported legitimate, non-discriminatory reason (the sole justification preserved as an affirmative defense) for its action based on the prior salary history. As a result, the court denies the plaintiff's partial summary judgment motion. Fed. R.Civ.Pro. 56(c); *Anglemyer,* 58 F.3d at 536.

## V. Defendant's motion for summary judgment.

### A. Title VII claims.

#### 1. Equitable tolling standard.

Upon receiving a right to sue notice from the EEOC, a plaintiff has ninety days

---

4. In its papers, the defendant does argue that the plaintiff cannot state a prima facie case of gender discrimination under the EPA because Mr. Connors, who was hired as a salesperson at the same time as the plaintiff, was paid the same starting salary as the plaintiff. However, the EPA, as a matter of law, does not require a plaintiff to show that she was paid less than every male employee. Rather, to state a prima facie case under the EPA, a plaintiff must show that there is "discrimination in pay against an employee vis-a-vis one employee of the opposite sex," *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1009 (11th Cir.1989), which the plaintiff has done with respect to herself and Mr. Brownell. The *White and Son Enterprises* decision does not prevent the defendant from making use of this evidence concerning Mr. Connors at trial in order to seek to have the jury draw inferences of non-discrimina-

tion from it; rather, it merely precludes summary judgment based on such evidence.

5. Defendant's attorneys flirted with a less favorable outcome for this case by ignoring (1) the *Tidwell* court's clear statement that the defenses listed in § 206(d)(1) are affirmative defenses, (2) Fed.R.Civ.Pro 8(c)'s requirement that affirmative defense must be plead, and (3) the plaintiff's multiple, clear attacks based on a waiver of affirmative defenses theory. It is only because the court concludes that the substance of the affirmative defense requirement was, in fact, complied with as to this one particular point˙of Mr. Brownell's prior earning history as an explanation for its pay decision that the defendant escaped partial summary judgment.

to bring a civil action against the respondent named in his or her EEOC charge of discrimination. Title. 42 U.S.C. § 2000e–5(f)(1). The ninety day time period starts to run on the date the plaintiff receives the EEOC right to sue notice. *Biester v. Midwest Health Services, Inc.,* 77 F.3d 1264, 1267 (10th Cir.1996). This ninety day time period is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857, 859 (10th Cir.1983)). "Thus, the requirement is not jurisdictional but is in the nature of a statute of limitations." *Id.* (citing *Zipes,* 455 U.S. at 393, 102 S.Ct. at 1132–33.

The Tenth Circuit has narrowly construed equitable exceptions to the time limitations set out in Title VII. *Biester,* 77 F.3d at 1267. The *Biester* court stated

> The Tenth Circuit has generally recognized equitable tolling of Title VII time limitations only if the circumstances of the case rise to the level of active deception which might invoke the powers of equity to toll the limitations period. For instance, equitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts. Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period.

77 F.3d at 1267–68 (citations and quotations omitted).

### 2. *Analysis.*

█ It is uncontroverted that the plaintiff filed her lawsuit at least one day late. The plaintiff's only explanation for her failure to file this lawsuit within the required ninety days is that her attorney's employee made a mistake. Specifically, the runner for plaintiff's counsel accidentally filed this lawsuit in the United States District Court for the Western District of Missouri on the ninetieth day, learned of his mistake the next day, and, as a result, filed this lawsuit in the United

States District Court for the District of Kansas one day late. Plaintiff's counsel contends that "[t]his mistake was inadvertently made and should not be held against the plaintiff." *Plaintiff's suggestions in opposition,* at 18.

Construing the facts in a light most favorable to the plaintiff, the court rejects the plaintiff's argument and grants the defendant's summary judgment motion with respect to the plaintiff's Title VII claims. Keeping in mind that the Tenth Circuit has narrowly construed equitable exceptions to the time limitations set out in Title VII, the court finds the plaintiff's explanation unavailing. A filing mistake by her attorney's runner does not rise to the level necessary to justify the equitable remedy the plaintiff requests. The plaintiff does not allege that anyone actively and purposefully misled or deceived her, that she has in some extraordinary way been prevented from asserting her rights, or that she was lulled into inaction by the defendant, state or federal agencies, or the courts. The plaintiff appears to have been represented by counsel throughout the ninety day period. The fact that plaintiff did not timely file her lawsuit is a product of a decision to wait until the last day to file. As put by the Seventh Circuit, "In civil litigation errors by counsel are attributed to the clients, who must seek redress from the errant lawyers rather than from their adversaries." *Gould v. Kemper Nat'l Ins. Co.,* No. 95–1883, 1996 WL 87498 at *1 (7th Cir. Feb. 7, 1996). Moreover, the effect of the plaintiff's requested relief would be to open the door to every Title VII plaintiff to seek to overcome his or her attorney's allegedly inadvertent procedural mistakes. Such a result would go a long way towards rendering meaningless statutorily embodied policy choices such as Title VII filing deadlines. As a result, because the plaintiff's equitable tolling argument is without merit and because the plaintiff failed to file her lawsuit within ninety days of receiving her right to sue notice as required by 42 U.S.C. § 2000e–5(f)(1), the court grants the defendant's motion for summary judgment with respect to the plaintiff's Title VII claims. 42 U.S.C. § 2000e–5(f)(1); *Catrett,* 477 U.S. at 325, 106 S.Ct. at 2553–54.

## B. *Equal Pay Act claims.*

### 1. *EPA gender discrimination.*

Because it has already concluded that the defendant has sufficiently pled one affirmative defense in § 4.1 of the Final Pretrial Order, the court must examine the evidence, which is the same evidence presented in the plaintiff's motion for partial summary judgment, in a light most favorable to the plaintiff in order to determine whether the defendant has met its summary judgment burden. The defendant has not made its requisite showing. In § 4.1, the defendant argues that the starting pay differential between Mr. Brownell and the plaintiff is justified by the fact that Mr. Brownell "was earning over $10,000 more annually as a major account representative for another company than what Cintas offered him, while Plaintiff and Connors had been earning less than the base offered them to join Cintas." However, the plaintiff has produced evidence indicating that, in contrast to the deposition testimony of Mr. Williams and Mr. Rodgers, the plaintiff earned more than her Cintas base salary at previous jobs. Therefore, a reasonable jury could find defendant's proffered justification to be mere pretext for discrimination. As a result, the court denies the defendant motion for summary judgment with respect to the plaintiff's EPA gender discrimination claim. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54.

### 2. *EPA retaliation.*[6]

#### a. *Standard.*

The Tenth Circuit has not had occasion to address whether the burden shifting analysis first announced in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applies to retaliatory actions under § 215(a)(3). However, the Tenth Circuit commonly applies the *McDonnell Douglas* analysis to other retaliation claims. *See Burrus v. United Telephone of Kansas, Inc.,* 683 F.2d 339 (10th Cir.1982).

Moreover, other courts have commonly applied the *McDonnell Douglas* analysis when analyzing FLSA retaliation claims at the summary judgment stage. *See Brock v. Casey Truck Sales, Inc.,* 839 F.2d 872, 876 (2nd Cir.1988); *Brock v. Richardson,* 812 F.2d 121 (3rd Cir.1987); *Strickland v. MICA Information Systems,* 800 F.Supp. 1320 (M.D.N.C. 1992). As a result, the court concludes that the Tenth Circuit would apply the *McDonnell Douglas* analysis to retaliation claims under § 215(a)(3). *Marx v. Schnuck Markets, Inc.,* 863 F.Supp. 1489, 1496 (D.Kan.), *rev'd on other grounds,* 76 F.3d 324 (10th Cir.1996), *cert. denied,* — U.S. ——, 116 S.Ct. 2552, 135 L.Ed.2d 1071 (1996).

Under this burden shifting approach, the plaintiff bears the initial burden of establishing a prima facie case of retaliation. *Berry v. Stevinson Chevrolet,* 74 F.3d 980, 985 (10th Cir.1996). A prima facie case creates a rebuttable presumption that the employer unlawfully retaliated against the employee. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506–508, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993). To establish a prima facie case of retaliation in violation of the Fair Labor Standards Act (FLSA), the plaintiff must show (1) she participated in an FLSA proceeding, (2) an adverse action by the employer subsequent to or contemporaneous with such FLSA activity, and (3) that there is a causal connection between her FLSA activity and the employer's adverse action. *Marx,* 863 F.Supp. at 1496.

Once a prima facie case is established, the burden of production shifts to the defendant to show a legitimate, non-retaliatory reason for the decision. *Hicks,* 509 U.S. at 506–508, 113 S.Ct. at 2747. If the defendant articulates a legitimate, non-retaliatory reason for the challenged conduct, the presumption of retaliation established by the prima facie showing "drops out of the picture." *Id.* at 511, 113 S.Ct. at 2749. In

---

6. The EPA is an amendment to the Fair Labor Standards Act and is codified under the same chapter. Thus, retaliation for filing an EPA complaint falls under 29 U.S.C. § 215(a)(3). *Lambert v. Genesee Hosp.,* 10 F.3d 46, 55 (2nd Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994). Title 29 U.S.C. § 215(a)(3) provides in pertinent part that it is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter...." 29 U.S.C. § 215(a)(3).

order to defeat summary judgment at this stage, the plaintiff must offer evidence that demonstrates that a genuine issue of material fact exists concerning whether the defendant's proffered reasons are really a pretext for illegal conduct. *Randle v. City of Aurora,* 69 F.3d 441, 451 (10th Cir.1995); *Jones v. Unisys Corp.,* 54 F.3d 624, 630 (10th Cir. 1995). To establish pretext, the plaintiff may offer either direct evidence demonstrating that the employer was motivated by a retaliatory reason or circumstantial evidence which reveals that the employer's legitimate, non-retaliatory reason is not worthy of belief. *Rea v. Martin Marietta Corp.,* 29 F.3d 1450, 1455 (10th Cir.1994). The plaintiff's mere conjecture that his or her employer's explanation is a pretext for retaliation is not sufficient to meet the plaintiff's evidentiary burden. *See Branson v. Price River Coal Co.,* 853 F.2d 768, 772 (10th Cir.1988).

If the plaintiff produces both a prima facie case and evidence supporting a finding that defendant's alleged non-retaliatory reasons for the employment decisions are pretextual, the case should go to the factfinder. *See Id.* (citing *Ingels v. Thiokol Corp.,* 42 F.3d 616, 621 (10th Cir.1994)); *see also Durham v. Xerox Corp.,* 18 F.3d 836, 839–40 (10th Cir. 1994) ("Although a prima facie case combined with disproof of the employer's explanations does not prove intentional discrimination as a matter of law, it may permit the factfinder to infer discrimination, and thus preclude summary judgment for the employer."). Failure by the plaintiff to come forward with evidence of pretext, however, will entitle the defendant to summary judgment. *Cone,* 14 F.3d at 529 (10th Cir.1994); *see Hooks v. Diamond Crystal Specialty Foods, Inc.,* 997 F.2d 793, 798 (10th Cir.1993) ("If no facts relating to the pretextuality of the defendant's action remain in dispute, summary judgment is appropriate.").

*b. Analysis.*

 The plaintiff's EPA retaliation claim asserts that the defendant terminated the plaintiff after she engaged in the protected activity of informing the defendant, by memorandum, that she believed that she was being paid less than similarly employed males in violation of 29 U.S.C. § 206(d). The defendant argues that it is entitled to summary judgment on the plaintiff's EPA retaliation claim because the plaintiff's supervisors informed her prior to her alleged protected activity that she would be terminated if she failed to meet her sales goals and, as a result of her failure to do so, the plaintiff's termination had no causal relationship to her memorandum dated November 16, 1994.

Construing the facts in a light most favorable to the plaintiff, the court concludes that the plaintiff's retaliation claim pursuant to § 215(a)(3) survives the defendant's summary judgment motion. Although neither party identifies or discusses the evidence in the context of the appropriate retaliation standard, the uncontroverted facts are sufficient for the court to decide this issue.

It is uncontroverted that Mr. Williams and Mr. Rodgers gave the plaintiff an ultimatum during their October 27, 1994, meeting. Mr. Rodgers sent a memorandum dated November 2, 1994, to the plaintiff "summarizing our discussions with Mike [Williams] on Thursday [October 27]." The memorandum further stated

"In the next three weeks (ending 11/4, 11/11, 11/18) you are to sign and turn in $400 of uniform rental contracts. In addition, there is not to be any week in this time frame that zero dollars are sold. In the event either of these situations occur, we will meet to discuss further options." *Plaintiff's suggestions in opposition,* Exhibit K.

On November 3, 1994, the plaintiff sent a copy of this memorandum to Mr. Rodgers, stating "I agree with your summary regarding 400 in three weeks; however, the bracketed portion was not discussed."[7] *Id.*

While it is clear that it was given, the defendant's ultimatum does not in any way indicate that the plaintiff would be terminated if she did not sign and turn in $400 of uniform rental contracts each week from November 4 to November 18. Thus, the defen-

---

7. The bracketed portion is as follows: [In addition, there is not to be any week in this time frame that zero dollars are sold. In the event either of these situations occur,]. *Id.*

dant's purported legitimate, non-discriminatory reason for terminating the plaintiff is inherently flawed. Moreover, the plaintiff has produced evidence indicating that the defendant's purported legitimate, non-discriminatory reason is pretextual. Specifically, the plaintiff has produced evidence indicating that she was not the defendant's worst salesperson, *Id.*, Exhibits S and T, and that male salespersons with similar or worse sales performances were not given a "sell a certain amount or you will be fired" ultimatum. *Id.*, Exhibits I at p. 179 and U. Rather, the plaintiff's evidence indicates that instead of terminating male salespersons when they failed to meet their sales goals, the defendant has chosen to cut their compensation. *Id.* Beyond the plaintiff's strong pretext evidence, the court also believes that summary judgment is improper because the close temporal connection (two days) between the plaintiff's protected activity and her termination creates a fact question as to whether there is a causal connection between them. *Marx v. Schnuck Markets,* 76 F.3d 324, 329 (10th Cir.1996); *Love v. RE/MAX of America, Inc.,* 738 F.2d 383, 387 (10th Cir.1984). As a result, the court denies the defendant's summary judgment motion with respect to this claim. *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. at 2553–54.

**IT IS THEREFORE ORDERED BY THE COURT** that the plaintiff's motion for partial summary judgment (Doc. # 29) is denied.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (Doc. # 28) is granted with respect to the plaintiff's Title VII claims and denied with respect to the plaintiff's Equal Pay claims.

**IT IS SO ORDERED.**