David B. CIRULIS, Plaintiff,

v.

UNUM CORPORATION SEVERANCE PLAN, et al., Defendants.

Civ.A. No. 00–2178–CM.

United States District Court,
D. Kansas.

Nov. 26, 2001.

Patrick K. McMonigle, John F. Wilcox, Jr., Dysart, Taylor, Lay, Cotter & McMonigle, P.C., Kansas City, MO, for plaintiff.

Morris J. Nunn, Morrison & Hecker L.L.P., Kansas City, MO, Jere D. Sellers, Morrison & Hecker L.L.P., Overland Park, KS, for defendants.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

This matter is before the court on plaintiff David B. Cirulis's motion for reconsideration (Doc. 40) of the court's April 5, 2001 order (Doc. 38) granting the defendants' motion for partial summary judgment. Plaintiff also moves the court to allow oral argument on the motion (Doc. 41). Plaintiff brought this action against two severance plans operated by his former employer, Unum Corporation Severance Plan and Unum Corporation Officer Severance Plan, pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1100 et seq. Plaintiff argued that the plan administrator's practice of conditioning the receipt of severance benefits on employees' execution of a nonsolicitation agreement was improper. The court granted defendants' motion for summary judgment because the non-solicitation provision was within the language of the plans and defendants did not act arbitrarily or capriciously in denying plaintiff benefits under the plans. For the reasons set forth below, the court denies plaintiffs' motions.

## I. Procedural History/Background

Plaintiff's employment as general manager of UNUM Life Insurance Company of America (UNUM) ended July 1, 1999, when his position was eliminated contemporaneously with the merger of Unum Corporation and

Provident Insurance Companies into Unum-Provident Corporation. UNUM informed plaintiff in April 1999 that his position would be terminated along with the merger, and offered him a position in the new entity. Plaintiff rejected this offer and accepted employment with American Sterling in July 1999. On June 24, 1999, UNUM asked plaintiff to sign a copy of an Agreement and General Release which UNUM stated employees must sign in order to receive benefits under the severance plans. Plaintiff refused to sign because he believed the plans did not require such a waiver. In August 1999, UNUM informed plaintiff he was eligible for benefits under the non-officer severance plan, but that he was required to sign a copy of the release in order to receive benefits. Plaintiff objected to the plan's computation of benefits, asserted that he should have been offered benefits under the officer plan, and objected to the non-solicitation provision. UNUM maintained that the non-solicitation provision was an important part of the agreement and that all plan participants are required to sign it in order to receive benefits.

Plaintiff appealed to the plan administrator, who responded that the non-solicitation provision was a matter for employer determination, and suggested that plaintiff contact a UNUM attorney to address his specific concerns. On February 22, 2000, a plan administrator informed plaintiff the plan had become aware that he had solicited Unum-Provident employees on behalf of American Sterling. Plaintiff responded by stating that he could not be required to sign the non-solicitation provision. On April 10, 2000, the plan administrator informed plaintiff that the offer of severance benefits was withdrawn. Fourteen days later, plaintiff filed this lawsuit. In its order granting summary judgment, the court found plaintiff's refusal to sign was dispositive; as such, it did not address plaintiff's other arguments.

## II. Rule 59(e) Standard

■ Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Whether to grant or deny a motion for recon-

sideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997); *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Marx v. Schnuck Markets, Inc.*, 869 F.Supp. 895, 897 (D.Kan.1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination.... A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D.Kan.1998) (citations omitted).

## III. Discussion

■ Plaintiff's motion to reconsider appears premised on the third ground enumerated above. In his motion, plaintiff asserts that the court's finding that the plan administrator could condition the payment of severance benefits upon an employee's signature of the Agreement and General Release has the effect of eliminating a plaintiff's right to judicial review of an ERISA severance plan. Plaintiff contends that the court's ruling is therefore at odds with ERISA's statutory scheme authorizing civil actions by plan participants and beneficiaries to enforce their rights under employee benefit plans. See 29 U.S.C. § 1132 (permitting civil actions by plan participants to recover benefits due under a plan and enforce their rights or clarify their rights to future benefits under the plan).

Defendants point out that plaintiff raises this argument for the first time in its motion for reconsideration, which, as the court notes above, is improper in a motion for reconsideration. Defendants draw the court's atten-

tion to a significant passage in the Agreement which exempts from the Agreement and General Release an employee's vested rights under UNUM's retirement plans, welfare plans, stock options, and deferred compensation package.

Having reviewed the parties' papers and reviewed its order granting summary judgment, the court concludes that its grant of summary judgment in favor of defendants was proper for all of the reasons contained in that order.

## IV. Order

The court finds no manifest error of law or fact in its prior decision. Plaintiff has not shown adequate grounds upon which to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). Accordingly, the court denies plaintiff's motion for reconsideration. The court also denies plaintiff's motion for oral argument on plaintiff's motion to reconsider the order of summary judgment.

**IT IS THEREFORE ORDERED** that defendant's motion for reconsideration (Doc. 40) and motion for oral argument (Doc. 41) are denied.